## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MARIA DEL CARMEN OCKRASSA,** | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO.: 3:23-cv-1749 |
| v. | § § | |
| **PROSPECT AIRPORT SERVICES, INC.,** | § § § | JURY TRIAL REQUESTED |
| *Defendant.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Maria Del Carmen Ockrassa, now files this Original Complaint against Defendant Prospect Airport Services, Inc. ("Prospect"). Plaintiff would respectfully show the Court the following:

### PARTIES

1. Plaintiff, Maria Del Carmen Ockrassa (hereafter "Plaintiff"), is an individual whose residential domicile is located in Collin County, Texas. Plaintiff may be served through her attorney of record, Tej R. Paranjpe, of Paranjpe Mahadass Ruemke LLP, 3701 Kirby Drive, Suite 530, Houston, Texas 77098.

2. Defendant Prospect Airport Services, Inc. (hereafter "Defendant" or "Prospect"), is an Illinois corporation transacting business in Texas, with its headquarters and principal place of business located at 2130 South Wolf Road, Des Plaines, Illinois 60018. Defendant may be served with process through its registered agent, Corporation Service Company, 211 East 7th Street #620, Austin, Texas 78701 or wherever it may be found.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because the Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

4. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because it is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

## CONDITIONS PRECEDENT

5. All conditions precedent have been performed or occurred.

## RESPONDEAT SUPERIOR

6. Defendant is legally responsible to the Plaintiff for the acts and omissions of their employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency, and/or ostensible agency. As a result thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of their employees, agents, servants and representatives.

## MISNOMER AND ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were or are "alter egos" of parties named in this complaint. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

8. The "alter ego doctrine permits the imposition of liability upon the parent company for torts and contractual obligations of its subsidiary…" *Miles v. Am. Telephone & Telegraph Co.*, 703 F.2d 193, 195 (5th Cir. 1983). The theory "provides a vehicle for bringing a subsidiary within the reach of the Texas long-arm statute because a close relationship between a parent and its

subsidiary may justify a finding that the parent does business in a jurisdiction through the local activities of its subsidiaries, or vice versa." *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Circ. 1983); *Walker v. Newgent,* 583 F.2d 163, 167 (5th Cir. 1978).

9. "Where a parent establishes a subsidiary… and dominates it…that the subsidiary is a mere conduit for the parent's business, the parent should not be able to shift the risk of loss." *United States v. Jon-T Chemicals, Inc.* 768 F.2d 686, 693 (5th Cir. 1985); *Nelson v. Int'l. Paint Co.* 734 F.2d 1084, 1093 (5th Cir. 1984); *Edwards Co. v. Monogram Indus.* 730 F.2d 977, 982 (5th Cir. 1984); *Miles v. Am. Tel. & Tel. Co.* 703 F.2d 193, 195 (5th Cir. 1983).

## FACTS

10. On or about July 4, 2023, Plaintiff Maria Del Carmen Ockrassa was severely injured when she was struck from behind by Defendant's passenger cart.

11. Defendant's driver, Ahmed Hussein, while acting within the scope and course of his employment with Prospect, was driving a passenger cart through terminal A of the Dallas-Fort Worth International Airport and carrying passengers.

12. Plaintiff was located in the area in or around Gate A37, waiting to board her flight.

13. While preparing to board her flight, Plaintiff bent down to get her passport from her bag.

14. Defendant's driver, Mr. Hussein, was proceeding through the terminal at an unsafe rate of speed and driving extremely close to other ticketed passengers and customers.

15. Due to the passenger cart's unsafe speed and proximity to Plaintiff, the cart and its passengers violently collided with Plaintiff that it caused her to fall to the ground, shattering her right arm.

16. Due to Defendant's negligence, Plaintiff suffered serious and permanent injuries.

## CAUSES OF ACTION

### Negligence

17. Plaintiff hereby incorporates paragraphs 1 through 16 as if fully set forth herein.

18. At all times mentioned herein, Defendant had a duty to safely operate Defendant's passenger cart within the Dallas Fort Worth International Airport for the safety of other ticketed passengers and customers at the airport, such as Plaintiff.

19. Plaintiff sustained injuries because of Defendant Prospect's negligence by Defendant:

   a. Failing to operate the cart at a safe speed could lead to injuries such as the ones that Plaintiff suffered;

   b. Failing to pay attention to other invitees' proximity to the cart could lead to injuries such as the ones that Plaintiff suffered;

   c. Failing to keep a proper lookout could lead to injuries such as the ones that Plaintiff suffered;

   d. Failing to take evasive action to avoid the collision with Plaintiff could lead to injuries such as the ones that Plaintiff suffered;

   e. Failing to operate the cart safely could lead to injuries such as the ones that Plaintiff suffered;

   f. Failing to operate the cart with the care and prudence of an ordinary person under the same or similar circumstances, could lead to injuries such as the ones that Plaintiff suffered; and

   g. Other acts deemed negligent.

20. Defendant's breach proximately caused Plaintiff's injuries. It is reasonably foreseeable that operating a passenger cart at an unsafe speed and in an unsafe proximity to other ticketed passengers and customers could lead to injuries such as the ones that Plaintiff suffered.

21. The Defendant, acting through its Defendant driver, Ahmed Hussein, who was at all times acting within the course and scope of his employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question.

### Negligent Hiring, Training, Supervision, and Retention

22. Prospect owed invitees of the airport, such as Plaintiff, a legal duty to hire, supervise, train, or retain competent employees.

23. Prospect breached that duty by failing to hire, train, supervise, and retain qualified employees. Prospect failed to train their employees not to drive erratically or so close in proximity at unsafe speeds to other invitees of the airport. Prospect also failed to train their employees to instruct passengers to keep their limbs and bags inside the cart, and to give fair and obvious notice and warning as the cart approached other invitees of the airport.

24. Prospect's breach of the above duty proximately caused Plaintiff's injuries because it is reasonably foreseeable that:

   a. Failing to hire, supervise, and train or retain competent employees could lead to injuries such as the ones that Plaintiff suffered.

   b. ailing to train its employees to operate a passenger cart at a safe speed and in an safe proximity to other ticketed passengers and customers could lead to injuries such as the ones that Plaintiff suffered.

   c. Failing to train its employees to instruct passengers to keep their limbs and bags inside the cart could lead to injuries such as the ones that Plaintiff suffered.

  d. Failing to train its employees to give fair and obvious notice and warning of the cart's approach could reasonably lead to injuries such as the ones that Plaintiff suffered; and

  e. Such other and further acts of negligence as may be shown in trial of this cause as discovery progresses.

## DAMAGES

25. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

  a. Physical pain and suffering sustained in the past;

  b. Physical pain and suffering, that in reasonable probability, Plaintiff will sustain in the future;

  c. Loss of earning capacity sustained in the past;

  d. Loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future;

  e. Disfigurement sustained in the past;

  f. Disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

  g. Disability and physical impairment sustained in the past;

  h. Disability and physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

  i. Medical, hospital, and pharmaceutical charges and expenses incurred in the past;

  j. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable probability, Plaintiff will sustain in the future; and

  k. Past, present, and future mental anguish.

26. Plaintiff has suffered damages from the Defendant's wrongful conduct described herein. Accordingly, Plaintiff is seeking damages over $1,000,000.00.

## JURY DEMAND

27. Plaintiff respectfully requests a trial by jury.

## **PRAYER**

28. For these reasons, Plaintiff asks the Court to issue a Summons for the Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

   a. Compensatory and actual damages in an amount deemed sufficient by the trier of fact;

   b. Costs of court;

   c. Incidental damages;

   d. Prejudgment and post-judgment interest at the maximum legal rate per annum until paid; and

   e. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

**Date:** August 4, 2023

Respectfully Submitted,

**Paranjpe Mahadass Ruemke LLP**

_____
Tej R. Paranjpe
State Bar Number: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

**Bush & Bush Law Group PC**

*/s/ Charles Bush*_____
Charles Bush
State Bar Number: 24096028
3710 Rawlins Street, Suite 1420
Dallas, TX 75219
CBush@Bushlawgrp.com
*Counsel for Plaintiff*